No. 03-786

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 78

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CHAD ALAN RAVE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and for the County of Lake, Cause No. DC 2002-158,
                    The Honorable Deborah Kim Christopher, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Kristina Guest, Appellate Defender Office, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Jim Wheelis,
                Assistant Attorney General, Helena, Montana

                Robert Long, Lake County Attorney; Mark A. Russell,
                Deputy County Attorney, Polson, Montana


                Submitted on Briefs:  August 31, 2004

                        Decided:  March 29, 2005

Filed:

_____
                    Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 In 2002 Chad Alan Rave ("Rave") was charged with sexual assault with bodily injury. Rave, advised by counsel, accepted a plea agreement offered by the State and changed his plea to guilty. Prior to sentencing Rave moved to withdraw his guilty plea claiming that his counsel was ineffective. The District Court entered an order denying Rave's motion and sentenced Rave pursuant to the plea agreement; Rave appeals from the District Court's order. We reverse and remand.

¶2 Although Rave raises two issues on appeal, we conclude that the first issue is dispositive and decline to address Rave's ineffective assistance of counsel claim. We restate the issue before us as follows:

¶3 Did the District Court err in denying Defendant's motion to withdraw his guilty plea?

## FACTS AND PROCEDURAL HISTORY

¶4 On December 13, 2002, Rave was charged by Information with sexual assault with bodily injury, a felony in violation of § 45-5-502(3), MCA. The District Court appointed attorney Ben Anciaux ("Anciaux") to appear as counsel for Rave. Thereafter, Rave entered a not guilty plea at his December 19, 2002, arraignment.

¶5 On February 6, 2003, pursuant to a plea agreement with the State, Rave executed an Acknowledgment of Rights and Plea Agreement. The District Court held a change of plea hearing, and Rave pled guilty pursuant to the plea agreement. The District Court accepted the plea and set a date for sentencing.

¶6 On March 24, 2003, Rave contacted the District Court and requested a new attorney.

2

The District Court held a hearing on Rave's motion for new counsel. At the hearing Rave complained of ineffective assistance of counsel claiming that Anciaux failed to investigate and refused to take the case to trial. Rave further alleged that he had only agreed to the plea agreement because Anciaux had assured him that he could withdraw his plea if he wanted after reviewing all of the evidence and that he had requested Anciaux assist him in withdrawing his guilty plea.

¶7 In addition to his criticism of Anciaux to the District Court, Rave had also filed a complaint against Anciaux with the Montana Supreme Court Commission on Practice. The District Court removed Anciaux and appointed Larry Nistler ("Nistler") as Rave's counsel based upon Rave's filing of that complaint.

¶8 On May 1, 2003, Rave, along with Nistler, appeared before the District Court. Nistler informed the District Court that Rave wished to withdraw his guilty plea. However, Nistler tempered this request by telling the court that he could not find any legal grounds for Rave to withdraw his plea. The District Court ordered Nistler to draft a brief similar to an *Anders*[1] brief outlining potential arguments Rave could assert in support of his motion to withdraw his guilty plea. Nistler did file a brief with the District Court. Based upon Nistler's position that he could not find grounds to file a motion to withdraw Rave's guilty plea and Rave's

---

[1] In *Anders,* the United States Supreme Court concluded that when counsel on appeal finds the case to be wholly frivolous after a conscientious examination, counsel should advise the court and move to withdraw. *Anders v. California* (1967), 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493. However, the request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

insistence that such motion be filed, the District Court permitted Rave to file and argue such a motion *pro se.* Despite disagreement as to withdrawal of the guilty plea Nistler continued to represent Rave.

¶9 On June 5, 2003, Rave presented his handwritten *pro se* motion to withdraw his guilty plea. In this motion Rave informs the District Court that he was ignorant of the law at the time he entered the guilty plea and that he "would have never plead [sic] guilty to this charge had [defense counsel] not mislead him in the way of law . . . ." The District Court granted the State time to reply and sentencing was continued until August 7, 2003. The State submitted a response arguing that Rave had failed to establish ineffective assistance of counsel. Responding to the State, Rave more specifically stated the reasons for his motion to withdraw his guilty plea as follows:

> [Defense counsel] did not properly advice [sic] me about my case or about the plea agreement. He did not discuss with me that sexual assault, a misdemeanor was a lesser included offence [sic].

¶10 On August 5, 2003, the District Court entered its order denying Rave's motion to withdraw his guilty plea. On August 7, 2003, Rave was sentenced, pursuant to the recommendations contained in the plea agreement, to 30 years at the Montana State Prison with 20 years suspended.

¶11 Additional facts are set forth below as necessary.

### STANDARD OF REVIEW

¶12 We review Rave's motion to withdraw his guilty plea to determine if it was voluntary. *See State v. Lone Elk,* 2005 MT 56, ¶ 14, 326 Mont. 214, ¶ 14, _____ P.3d _____, ¶ 14. We

review a district court's determination of voluntariness in plea agreements *de novo*. *Lone Elk,* ¶ 10.

## DISCUSSION

## ISSUE

¶13 **Did the District Court err in denying Defendant's motion to withdraw his guilty plea?**

¶14 A guilty plea is valid only if it represents a "voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant." *State v. Keys,* 1999 MT 10, ¶ 12, 293 Mont. 81, ¶ 12, 973 P.2d 812, ¶ 12 (overruled on other grounds by *Lone Elk*).

¶15 Rave alleges his plea was not knowing, intelligent, or voluntary because he was not advised that a lesser included offense of felony sexual assault with bodily injury is misdemeanor sexual assault, carrying a maximum penalty of six months in jail and/or a fine of $500. The record supports this contention.

¶16 The plea agreement which Rave signed, and presumably read, provides:

> I understand that the SEXUAL ASSAULT, a Felony, under MCA 45-5-502, with a maximum penalty provided by law of life imprisonment and a fine of $50,000, may be a lesser included offense of the offense of SEXUAL ASSAULT (WITH BODILY INJURY).

Acknowledgment of Rights and Plea Agreement at ¶ 5. The plea agreement erroneously advised Rave that the supposed lesser included offense was a felony, not a misdemeanor, and that the penalty was the same as the greater offense.

¶17 At the time he pled guilty, the District Court advised Rave as follows:

> THE COURT: You understand that if you took this to trial, that the jury could

5

consider lesser includeds, and by pleading guilty you're waiving the right to have them make that consideration.

THE DEFENDANT: Yes.

¶18   The record does not reflect that Rave had knowledge of or understood that sexual assault is a misdemeanor, although the record does indicate that he was informed that sexual assault was a lesser included offense of the felony, sexual assault with bodily injury. When the court did not specifically advise Rave that the lesser included offense constituted a misdemeanor, and what the possible penalties were, the error contained in the plea agreement was exacerbated.

¶19   Because of the misinformation in the plea agreement compounded by the incomplete information provided by the District Court when accepting his plea, it cannot be said that Rave entered a knowing, intelligent, and voluntary plea. To make an intelligent choice as to whether to plead guilty, a defendant is entitled to know the precise nature of his alternatives. *State v. Sanders,* 1999 MT 136, ¶ 22, 294 Mont. 539, ¶ 22, 982 P.2d 1015, ¶ 22 (overruled on other grounds by *Lone Elk*). The record leaves a doubt whether, at the time he entered his plea, Rave understood that if he went to trial he might be convicted of a lesser included offense for which the maximum punishment was six months in the county jail, and not the 30 years in Montana State Prison with 20 years suspended provided in the plea agreement. Any genuine doubt regarding whether a guilty plea was voluntarily or intelligently made must be resolved in favor of the defendant. *See Keys,* ¶ 12. Under these circumstances, Rave's motion to withdraw his plea of guilty should have been granted.

6

## CONCLUSION

¶20    We reverse the District Court's denial of Rave's motion to withdraw his guilty plea

and remand for further proceedings consistent with this Opinion.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE