No. DA 06-0148

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 77

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

ANTHONY DEAN IAFORNARO,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 03-191,
The Honorable Holly Brown, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Montana Appellate Defender Office, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Carol E. Schmidt, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

_____

Submitted on Briefs:  January 24, 2007

Decided:  March 20, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Anthony Dean Iafornaro (Iafornaro) appeals from the District Court's denial of his motion to withdraw his plea of nolo contendere. We affirm.

¶2 We review whether the District Court correctly denied Iafornaro's motion to withdraw his plea of nolo contendere?

**FACTUAL AND PROCEDURAL HISTORY**

¶3 The State charged Iafornaro on July 9, 2003, with felony attempted sexual assault for accosting a 15-year-old girl while she was cleaning his motel room. Iafornaro entered a plea of not guilty to the charge and requested that the court order a mental examination to determine his fitness to proceed to trial. The court ordered the mental examination and continued Iafornaro's trial date.

¶4 The court determined at a hearing on December 23, 2003, that Iafornaro lacked fitness to stand trial. The court committed Iafornaro to the Department of Health and Human Services for as "long as the unfitness endures." The court held another hearing on March 11, 2004, where all parties agreed that Iafornaro was fit to proceed to trial on the felony attempted sexual assault charge.

¶5 Iafornaro entered into a plea agreement with the State on July 28, 2004. The State agreed to drop Iafornaro's felony attempted sexual assault charge in exchange for Iafornaro's plea of nolo contendere to a charge of felony attempted kidnapping. The agreement specified that the State would proceed to trial on the original felony charge of attempted sexual assault if the court declined to accept Iafornaro's plea of nolo contendere to felony attempted kidnapping. The court accepted Iafornaro's plea and

2

sentenced Iafornaro on February 8, 2005, to Montana State Prison for ten years with no time suspended.

¶6    Iafornaro filed a motion to withdraw his guilty plea on November 2, 2005. Iafornaro argued that the court had failed to inform him of the "lesser included offense of unlawful restraint" when the court accepted his plea of nolo contendere to his charge of felony attempted kidnapping. He contended that his plea was involuntary in light of the court's omission and his "documented history of serious mental illness." The State responded that the lesser included offense of unlawful restraint was irrelevant to Iafornaro's decision in light of the fact that he had no possibility of going to trial on the felony attempted kidnapping charge. The State pointed out that Iafornaro's plea agreement stipulated that the State would proceed to trial on the charge of felony attempted sexual assault if the court did not accept his plea of nolo contendere to felony attempted kidnapping. The court determined that Iafornaro had failed to establish good cause to withdraw his plea. This appeal followed.

## STANDARD OF REVIEW

¶7    We review Iafornaro's motion to withdraw his plea of nolo contendere to determine whether his plea was voluntary. *State v. Muhammad*, 2005 MT 234, ¶ 12, 328 Mont. 397, ¶ 12, 121 P.3d 521, ¶ 12. Our determination of whether Iafornaro's plea was voluntary presents a mixed question of law and fact that we review *de novo*. *Muhammad*, ¶ 12.

3

## DISCUSSION

¶8 *Did the District Court correctly deny Iafornaro's motion to withdraw his plea of nolo contendere?*

¶9 Section 46-16-105(2), MCA, authorizes a district court to permit a defendant to withdraw his plea of nolo contendere upon a showing of "good cause." *Muhammad*, ¶ 14. Iafornaro argues that the District Court's failure to inform him that unlawful restraint is a lesser included offense of felony attempted kidnapping constitutes "good cause." He suggests that the court's omission prevented him from entering a "knowing, intelligent and voluntary" plea.

¶10 Iafornaro cites *State v. Sanders*, 1999 MT 136, 294 Mont. 539, 982 P.2d 1015, and *State v. Rave*, 2005 MT 78, 326 Mont. 398, 109 P.3d 753, for the proposition that a district court's failure to inform a defendant of an "applicable lesser included offense[]" establishes "good cause." The defendants in *Sanders* and *Rave* both waived their right to submit an applicable lesser included offense instruction to a jury when they entered guilty pleas pursuant to their respective plea agreements with the State. *Sanders*, ¶¶ 4-5; *Rave*, ¶¶ 16-17. The courts had not informed the defendants, however, as to what lesser included charges that they would be waiving. *Sanders*, ¶¶ 20-21; *Rave*, ¶¶ 17-18. The Court determined that these defendants could not have knowingly and intelligently waived their right to convince a jury that they were guilty of a lesser included offense when the defendants had not been informed of what those lesser included offenses might have been. *Sanders*, ¶¶ 22-23; *Rave*, ¶ 19. The Court held that these defendants had established "good cause" to withdraw their pleas. *Sanders*, ¶¶ 23, 32; *Rave*, ¶ 19.

4

¶11 Iafornaro argues that he also waived his right to submit a lesser included offense instruction to a jury without first being informed of what those lesser included offenses might have been. Iafornaro's plea agreement stipulated, however, that the State would proceed to trial on the felony attempted sexual assault charge if the court did not accept his plea of nolo contendere to the felony attempted kidnapping charge. Only those lesser included offenses applicable to his charge of felony attempted sexual assault would have been relevant to Iafornaro's decision. Iafornaro does not allege that the court failed to inform him as to any of the lesser included charges applicable to felony attempted sexual assault.

¶12 We cannot fault the court or the State for failing to inform Iafornaro of any lesser included offense not relevant to his decision to enter a plea of nolo contendere. Iafornaro had no right to be informed of the possibility of submitting a lesser included offense instruction to the jury when no such possibility existed. *State v. Thee*, 2001 MT 294, ¶ 24, 307 Mont. 450, ¶ 24, 37 P.3d 741, ¶ 24.

¶13 Iafornaro also argues that his "mental illness and confusion rendered his plea unknowing, unintelligent, and involuntary." The court took care to ensure, however, that Iafornaro's mental illness did not interfere with the voluntariness of his plea agreement. The court ordered Iafornaro to be placed in the care of the Department of Health and Human Services on December 23, 2003, until he was deemed fit to proceed. Iafornaro, his doctors, his counsel, and the court later agreed at a hearing on March 11, 2004, that Iafornaro was fit to proceed.

¶14     The record indicates that no omission, misinformation, or mental incapacity hindered Iafornaro's ability to enter knowingly and intelligently into his plea agreement. The District Court correctly decided that Iafornaro had failed to establish good cause for withdrawing his plea of nolo contendere.

¶15     Affirmed.

                                        /S/ BRIAN MORRIS

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE