DA 08-0086

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 42

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ERIC SWENSEN,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 06-441
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad M. Wright; Hooks & Wright; Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Mark Lancaster, Legal Intern;
Helena, Montana

Brant Light, Cascade County Attorney; Matthew Robertson, Deputy
County Attorney; Great Falls, Montana

Submitted on Briefs:  November 26, 2008

Decided:  February 18, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Eric Swensen ("Swensen") appeals from an order of the Eighth Judicial District Court, Cascade County, denying his motion to withdraw his guilty plea.

¶2    We restate the issue on appeal as follows:

¶3    Did the District Court err in denying Swensen's motion to withdraw his guilty plea?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    On September 6, 2006, officers arrested Swensen at his house for a probation violation. While in the house, officers noticed blood on the floor and doors and on a chair in the room where they ultimately found and arrested Swensen. Following an investigation, officers determined that Swensen had held his friend, Duane Mitchell Azure ("Azure"), in a chair while hitting Azure in the face and head as many as 50 times. The State charged Swensen on September 8, 2007, with aggravated assault and aggravated kidnapping. The information stated that Swensen caused serious bodily injury to Azure, including a severe concussion, facial lacerations requiring 33 stitches to close, a broken cheekbone, and numerous other lacerations. Swensen was appointed counsel from the State Public Defender's office and pled not guilty to the charges at his arraignment. During the arraignment, Judge Sandefur advised Swensen of his rights, including his right to submit an instruction to the jury on applicable lesser included offenses.

¶5    On July 11, 2007, Swensen entered into a written plea agreement with the State in which he agreed to plead guilty to the aggravated assault charge in exchange for the

2

State's dismissal of the aggravated kidnapping charge. Under the agreement, the State also agreed to waive any persistent felony offender designation and to recommend a sentence of 20 years, with 10 years suspended, to run concurrent to any other sentence being served. In addition to signing the written plea agreement, Swensen also signed an Acknowledgment and Waiver of Rights in which Swensen acknowledged the rights he was waiving by pleading guilty, including his right "to submit an instruction to the jury regarding a lesser included offense."

¶6 During the change of plea hearing on July 18, 2007, Swensen and his defense counsel had the following exchange:

Defense Counsel: Okay. Now, we talked about this plea agreement, we've been talking about it a long time?

Swensen: Right.

Defense Counsel: I came up and visited with you this week, correct?

Swensen: Right.

Defense Counsel: And we went though it and discussed the various rights and so forth that you have and that you're going to waive when you enter this guilty plea. Let's go through that again, okay?

Swensen: All right [sic].

Thereafter, defense counsel questioned Swensen about his right to plead not guilty, to receive the assistance of counsel, to have witnesses testify on his behalf, to confront and cross-examine witnesses, to not incriminate himself, and to require his guilt to be proven beyond a reasonable doubt. Swensen's defense counsel did not question him about the possibility of being convicted of a lesser included offense or any related penalties.

3

However, Swensen's defense counsel did question him about the aggravated assault charge itself, including whether Swensen knew that he had caused a cut to Azure's face that required a number of stitches to repair. Swensen acknowledged that he caused these injuries to Azure. Swensen also acknowledged, upon inquiry by the prosecutor, that Azure would have a lasting scar from the incident. Finally, Swensen admitted that he caused serious bodily injury to Azure during the following exchange with the District Court at the change of plea hearing:

The Court: All right [sic], sir, do you understand all the rights that [defense counsel] just went through with you?

Swensen: Yes, ma'am.

The Court: Do you also understand that Mr. Azure had a broken cheekbone, as well?

Swensen: Yes.

The Court: And that required surgery?

Swensen: Yes.

The Court: So you would agree that he had serious bodily injury as a result of the assault?

Swensen: Yes, ma'am.

At the conclusion of the hearing, the District Court took the plea under advisement and set a date for sentencing. As Swensen points out on appeal, the District Court did not question him about lesser included offenses during the change of plea hearing.

¶7 Prior to sentencing, Swensen sent a handwritten note to a parole officer in Great Falls in which he stated that the Department of Corrections had miscalculated the time he

4

served prior to pleading guilty and that he was "taking this to trial" in an effort to get "back out on the streets" to "[laugh] in all [their] faces." The parole officer forwarded the letter to the District Court, and it was included in the record to these proceedings. Swensen subsequently replaced his attorney from the State Public Defender's office with private defense counsel. However, this attorney withdrew as Swensen's counsel due to a conflict of interest. Swensen subsequently obtained different counsel to represent him during the proceedings.

¶8 On November 5, 2007, Swensen filed a motion to withdraw his guilty plea. Swensen alleged that he had "good cause" to withdraw his guilty plea since the District Court did not specifically advise him about the lesser included offense of misdemeanor assault during the change of plea hearing. In response, the State argued that the written plea agreement and the waiver, in conjunction with Swensen's plea colloquy at the change of plea hearing, were sufficient to demonstrate that Swensen's guilty plea was voluntary. The District Court denied the motion, concluding that Swensen understood the charges and entered "a knowing, intelligent, and voluntary plea in this matter and a knowing, intelligent, and voluntary waiver of his rights . . . ." Pursuant to the terms of the plea agreement, Swensen was sentenced to 20 years, with 10 years suspended, to the Montana State Prison to run concurrent with any other sentence being served. Swensen received 458 days credit for time served. Swensen filed this timely appeal.

## STANDARD OF REVIEW

¶9 Given that the issue of whether a plea was voluntarily made is a mixed question of law and fact, we review a district court's denial of a motion to withdraw a defendant's

5

guilty plea de novo.  *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057 (citing *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, 114 P.3d 254).  We review the district court's underlying factual findings to determine whether the findings are clearly erroneous.  *Warclub*, ¶ 23.  We review the district court's interpretation of the law, as well as its application of the law to the facts, for correctness.  *Warclub*, ¶ 23.

### DISCUSSION

¶10    Did the District Court err in denying Swensen's motion to withdraw his guilty plea?

¶11    Under § 46-16-105(2), MCA, a court may at any time before judgment or within one year after the judgment becomes final permit a defendant to withdraw a guilty plea upon a showing of a "good cause."  We have stated that "good cause" "includes the minimal constitutional requirement that a guilty plea be voluntary and intelligent."  *State v. Deserly*, 2008 MT 242, ¶ 11, 344 Mont. 468, 188 P.3d 1057; *see also State v. Lone Elk*, 2005 MT 56, ¶¶ 13, 17, 326 Mont. 214, 108 P.3d 500.  We have also stated that "good cause" may include additional criteria beyond the voluntariness of the defendant's guilty plea such as the discovery of new exculpatory evidence.  *See Lone Elk*, ¶ 19.  However, since Swensen challenges only the voluntariness of his guilty plea on appeal, we need not address the additional criteria that may constitute "good cause" under § 46-16-105(2), MCA.  Thus, we now turn to a discussion of whether Swensen's plea was voluntary.

¶12    In *Lone Elk*, this Court reiterated its intent to use the standard for the voluntariness of guilty pleas set forth in *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970).  Under this standard, a guilty plea is deemed voluntary "only when the defendant is fully

6

aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . ." *Lone Elk*, ¶ 21 (citing *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472) (internal quotations omitted). In *State v. Warclub*, we further clarified the standard set forth in *Brady* and stated that "we will not overturn a district court's denial of a motion to withdraw a guilty plea if the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *Warclub*, ¶ 32 (citing *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472). In making this determination, this Court will consider "case specific considerations," including the adequacy of the court's interrogation and the benefits received from a plea bargain. *McFarlane*, ¶ 17; *see also* *Lone Elk*, ¶ 23.

¶13 Swensen argues that his guilty plea was not knowing, intelligent, or voluntary because he was not advised by the District Court that he was waiving the right to be convicted of misdemeanor assault. Swensen contends that "[a] full understanding of the nature of the charges necessarily includes information about applicable lesser included offenses and punishments." While Swensen recognizes that he signed a written waiver that referenced lesser included offenses, he maintains that this document did not sufficiently inform him of his right to offer an instruction on misdemeanor assault. Swensen points to the language in the waiver stating that he had "the right to submit an instruction to the jury regarding a lesser included offense." Swensen claims that this statement, without additional inquiry by the District Court during the hearing on the plea,

provided insufficient notice of his right to offer a jury instruction on a specific lesser included offense.

¶14 Swensen relies heavily on our decisions in *State v. Sanders*, 1999 MT 136, 294 Mont. 539, 982 P.2d 1015, and *State v. Rave*, 2005 MT 78, 326 Mont. 398, 109 P.3d 753, for the proposition that a court must provide defendants with precise information about applicable lesser included offenses. While we recognize that defendants are entitled to know the precise nature of their alternatives before pleading guilty, we are not required to engage in an analysis of a lack of specificity regarding lesser included offenses when the record clearly demonstrates that, as a factual matter, there would be no basis for giving an instruction on a particular lesser included offense. Under § 46-16-607(2), MCA, a criminal defendant is entitled to a lesser included offense instruction if the jury, "in light of the evidence presented, could be warranted in finding the defendant guilty of the lesser, rather than the greater, offense." *State v. Martinez*, 1998 MT 265, ¶ 10, 291 Mont. 265, 968 P.2d 705. To receive a lesser included offense instruction, the defendant must establish that the offense is, in fact, a lesser included offense of the charged offense and that there is "sufficient evidence to support the included offense instruction." *Martinez*, ¶ 10. In this case, Swensen's admissions on the record about the nature of the injuries he inflicted on Azure effectively eliminated the possibility that Swensen would be entitled to an instruction on the lesser included offense of misdemeanor assault. In fact, the District Court clarified during the hearing on the motion to withdraw Swensen's plea that it was "very unlikely" that a misdemeanor assault instruction would have been available to Swensen given the circumstances of the offense and Swensen's admissions at the change

8

of plea hearing. As previously noted, Swensen acknowledged that he caused a severe cut to Azure's face that required 33 stitches to close, that Azure would have a lasting scar from the injuries, and that Azure suffered a broken cheekbone. Most significantly, however, is that Swensen also specifically acknowledged that he caused serious bodily injury to Azure. Since Swensen does not raise additional arguments as to the adequacy of the court's interrogation beyond the issue of lesser included offenses, we conclude that the district court's interrogation of Swensen during the change of plea hearing was adequate.

¶15    Finally, in addition to the adequacy of the court's interrogation, the "benefit of the bargain" the defendant received is also an important factor in determining whether a defendant's plea was voluntary. *See State v. Muhammad*, 2005 MT 234, ¶ 24, 328 Mont. 397, 121 P.3d 521; *see also Warclub*, ¶ 19. The State reiterates that, in exchange for Swensen's guilty plea, it agreed to drop the aggravated kidnapping charge, a felony, and to waive any persistent felony offender designation. The State also agreed to recommend a concurrent sentence in this case, a sentence which the District Court ultimately agreed to impose. As the District Court pointed out, Swensen acknowledged in the plea agreement and during the change of plea hearing that he was pleading guilty to aggravated assault and was made aware of the maximum penalty for the offense. Swensen was also advised that he was charged with aggravated kidnapping and that a conviction for aggravated kidnapping would have a possible incarceration of two to 100 years with a fine of up to $50,000. In sum, it is clear that Swensen received the benefit of a very good bargain given the evidence in the record. We conclude that Swensen's plea

to the offense of aggravated assault was voluntary and that the District Court did not err by denying Swensen's motion to withdraw his guilty plea.

¶16    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE