DA 10-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 4N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

TERRY SCOTT MORRISSETTE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 09-02
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Matthew M. Wilcox,
Assistant Appellate Defender; Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

            Bernard G. Cassidy, Lincoln County Attorney; Libby, Montana

Submitted on Briefs:  January 5, 2011

Decided:  January 18, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited as precedent. We conclude the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶2 Terry Morrissette (Morrissette) appeals the denial of his request to withdraw a guilty plea.

¶3 We affirm.

¶4 By information filed on January 6, 2009, the State charged Morrissette with Sexual Assault and Sexual Intercourse Without Consent. On December 14, 2009, a pre-trial hearing took place. The parties subsequently reached a plea agreement and a change of plea hearing was held later that same day. Pursuant to the plea agreement, Morrissette pled guilty to the charge of Sexual Assault.

¶5 On January 22, 2010, Morrissette filed a motion to withdraw his plea. He argued that his plea was not voluntary. The District Court concluded that Morrissette voluntarily entered his plea and denied his motion. Morrissette now appeals the denial of his motion and argues that at the time of his plea he was under extreme emotional distress that rendered his plea involuntary.

¶6 Since the issue whether a plea was voluntarily made is a mixed question of law and fact, we review a district court's denial of a motion to withdraw a defendant's guilty plea *de novo*. *State v. Swensen*, 2009 MT 42, ¶ 9, 349 Mont. 268, 203 P.3d 786 (citing

2

*State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057). We review the District Court's underlying factual findings to determine whether the findings are clearly erroneous. *Id.* (citing *State v. Warclub*, 2005 MT 149, ¶ 23, 327 Mont. 352, 114 P.3d 254).

¶7 In determining the voluntariness of a guilty plea, this Court uses the standard set forth in *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970). *Swensen*, ¶ 12 (citing *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, 108 P.3d 500). In *Warclub*, we reiterated that we will not overturn a district court's denial of a motion to withdraw a guilty plea if "the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *Warclub*, ¶ 32 (citing *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472).

¶8 We have reviewed the record, including the transcripts of proceedings before the District Court, and have considered both the District Court's comments during the motions hearing and the colloquy at the change of plea hearing. Applying the standards set forth in *Warclub* and *Swensen*, we conclude that the District Court's denial of Morrissette's motion to withdraw his guilty plea was correct.

¶9 The judgment of the District Court is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

3