DA 13-0803

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 170N

JOHN MIDDLEMISS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-13-925A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      John Middlemiss, self-represented; Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

      Ed Corrigan, Flathead County Attorney; Kalispell, Montana

Submitted on Briefs:  June 4, 2014
Decided:  July 1, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      John Middlemiss (Middlemiss) appeals from the Order of the Eleventh Judicial District Court, Flathead County, denying his Motion for Leave to Withdraw Guilty Plea; or in the alternative Petition for Postconviction Relief. We affirm.

¶3      On February 22, 1998, Middlemiss and Abel Gonzales (Gonzales) robbed the Rose Casino at gunpoint. After threatening employees with a sawed-off shotgun, the two men took $6,955 and made off in a stolen truck. Several minutes later, police confronted Middlemiss and Gonzales and gave them the opportunity to surrender peacefully. Middlemiss, however, rammed one of the patrol cars and fled at a high rate of speed.

¶4      Sometime later, the two men abandoned the truck and forced their way into the home of Jon and Jill Nelson by kicking in the Nelsons' back door. Upon entering, Middlemiss pointed the shotgun in Jon's face and demanded his car keys. Jon complied, and Middlemiss and Gonzales drove off in Jon's truck. This truck proved to be low on gas and had a flat tire, so it was abandoned. Shortly thereafter, Middlemiss and Gonzales forced their way into the home of Tina and Lance McCully. A scuffle ensued, wherein Middlemiss wrestled Lance to the ground and pushed the shotgun into his back.

Gonzales then obtained the keys to the McCullys' car, and the two men fled. Police captured Middlemiss later that day.

¶5 Middlemiss was charged with fifteen felony offenses as a result of these events. He pled guilty to three counts of robbery, two counts of aggravated burglary, assault on a peace officer, and attempted escape in September 1998. The remaining charges against him were dismissed.

### A.    Petition for Postconviction Relief

¶6 Section 46-21-102, MCA (1997), provided:

> (1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
> (a) the time for appeal to the Montana supreme court expires;
> (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
> (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.
> (2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

The one-year statute of limitations for postconviction relief may only be waived when there has been "'a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity.'" *Raugust v. State*, 2003 MT 367, ¶ 20, 319 Mont. 97, 82 P.3d 890 (citation omitted). The miscarriage of justice exception applies to a

constitutional violation that has likely resulted "'in the conviction of one who is *actually innocent*.'" *Raugust*, ¶ 20 (emphasis added) (citation omitted).

¶7    Middlemiss alleges that he received "grossly ineffective assistance of counsel" and that his "right to be free from double jeopardy prosecution and punishments" was infringed, in violation of both the Montana and federal Constitutions. He argues that some of the fifteen felony charges initially brought against him contained overlapping elements and were therefore illegal. Middlemiss, however, fails to even suggest that he is actually innocent based on newly discovered evidence. Rather, he explained to the District Court, "I do not dispute my guilt in reference to the 22 minute crime spree that resulted in my arrest . . . ." Pursuant to § 46-21-102(1), MCA (1997), Middlemiss had until December 15, 1999 to file a petition for postconviction relief. The "newly discovered evidence" tolling provision does not apply. Middlemiss's Petition is, therefore, untimely.

### B.    Motion for Leave to Withdraw Guilty Plea

¶8    Section 46-16-105(2), MCA (1997), provided: "At any time before or after judgment, the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." "Good cause" may be found where a guilty plea is not made voluntarily or intelligently. *State v. Swensen*, 2009 MT 42, ¶ 11, 349 Mont. 268, 203 P.3d 786. Timeliness is a "case specific consideration" to be reviewed in determining whether to allow the withdrawal of a guilty plea. *State v. McFarlane*, 2008 MT 18, ¶ 27, 341 Mont. 166, 176 P.3d 1057.

¶9 Again, Middlemiss raises ineffective assistance of counsel and double jeopardy claims based on the allegedly overlapping charges contained in the State's amended information. He argues that such a "blatant violation/denial of my constitutional rights . . . allowed the State to coerce an unknowing and involuntary guilty plea." Middlemiss, however, fails to recognize that even if the charging statutes contain overlapping elements, if each statute requires proof of an additional fact that the other does not, double jeopardy is not implicated. *State v. Wolfe*, 250 Mont. 400, 410-11, 821 P.2d 339, 345 (1991) (citing *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932)). Middlemiss has not presented any additional evidence supporting his ineffective assistance claim or his claim that his guilty plea was involuntary or coerced. His unsupported allegations, coupled with a nearly fifteen year filing delay, are insufficient to establish "good cause" to withdraw his guilty plea.

¶10 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT

5