

DA 07-0553

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 170

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

PATRICK LYN ROBINSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 24-2004-124
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Clinton H. Kammerer, Attorney at Law, Missoula, Montana

       For Appellee:

              Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

              Mitchell A. Young, Lake County Attorney, Polson, Montana

Submitted on Briefs: October 1, 2008

Decided: May 19, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Patrick Lyn Robinson pled guilty in the District Court of the Twentieth Judicial District, Lake County, to driving under the influence (DUI) fourth offense, a felony; driving without insurance; and driving while his license was suspended. About a year later, but before he was sentenced, Robinson moved to withdraw his guilty plea. The District Court denied his motion and sentenced him.

¶2 We restate the issues raised as follows:

¶3 1. Did the District Court err in denying Robinson's motion to withdraw his guilty plea because it was not made voluntarily?

¶4 2. Did the District Court err in denying Robinson's motion to withdraw his guilty plea because one of the three necessary prior DUI convictions was constitutionally infirm?

¶5 3. Did the District Court err in denying Robinson's motion to withdraw his guilty plea because his trial counsel was ineffective?

BACKGROUND

¶6 The information in this case was filed on November 4, 2004. Robinson was charged with felony DUI, driving without insurance, and driving while his license was suspended. He had three prior convictions for DUI and his driver's license was still suspended as a result of his most recent conviction.

¶7 After lengthy pretrial proceedings, Robinson and the State entered into a plea agreement on March 27, 2006. Robinson agreed to plead guilty to the felony DUI

charged in this case and to dismiss appeals of two of his previous DUI convictions. The State agreed to defer prosecution of separate charges against Robinson alleging non-support and contempt. Notwithstanding the provisions of § 46-18-101(3)(a), MCA, (sentence and punishment is to be imposed in a timely fashion) and § 46-18-102(3), MCA, (sentence must be pronounced and judgment rendered within a reasonable time), Robinson and the State agreed that sentence would not be imposed for a year, provided Robinson paid child support during that year.

¶8 The same day he signed the plea agreement, March 27, 2006, Robinson appeared in District Court and entered his plea of guilty to DUI, a felony. The District Court accepted the guilty plea. Also ignoring §§ 46-18-101(3)(a), -102(3), MCA, the District Court set sentencing for March 21, 2007.

¶9 On the day set for sentencing, Robinson appeared and moved for a continuance of four weeks so he could obtain new counsel. Sentencing was continued until April 18, 2007. After more continuances, Robinson filed a motion to withdraw his guilty plea on May 30, 2007. After briefing by Robinson and the State, the District Court entered an order denying the motion on July 6, 2007. Robinson was sentenced as provided in the plea agreement, which sentence was required by § 61-8-731(1), MCA (2003). He now appeals.

STANDARDS OF REVIEW

¶10 The issue of whether a plea is voluntary is a mixed question of law and fact. We review a district court's denial of a motion to withdraw a defendant's plea de novo. *State*

3

*v. Swensen*, 2009 MT 42, ¶ 9, 349 Mont. 268, 203 P.3d 786 (citing *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057). We review the underlying factual findings for whether they are clearly erroneous. Findings of fact are clearly erroneous if they are unsupported by substantial evidence, the court misapprehended the effect of the evidence, or review of the record convinces us that a mistake has been made. We review the district court's interpretation of the law and its application of the law to the facts for correctness. *McFarlane*, ¶ 8 (citing *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, 114 P.3d 254).

¶11 Section 46-16-105(2), MCA, permits withdrawal of a plea of guilty if good cause is shown. The ultimate test of whether good cause is shown to withdraw a guilty plea is whether it was voluntary. *State v. Tyler*, 2009 MT 75, ¶ 11, 349 Mont. 461, 204 P.3d 685; *State v. Lone Elk*, 2005 MT 56, ¶ 14, 326 Mont. 214, 108 P.3d 500. However, numerous case-specific considerations may bear on the question of whether good cause is shown to withdraw a guilty plea. *Lone Elk*, ¶ 23; *see also U. S. v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990) (determining "fair and just" reasons for withdrawal of guilty pleas include an inadequate colloquy, "newly discovered evidence, intervening circumstances or any other reason for withdrawing [a] guilty plea that did not exist when [the defendant] pleaded guilty") (internal quotations omitted)).

DISCUSSION

¶12    *1. Did the District Court err in denying Robinson's motion to withdraw his guilty plea because it was not made voluntarily?*

¶13    Robinson asserts the District Court erred in denying his motion to withdraw his guilty plea because the District Court's plea colloquy was inadequate; the District Court erred in concluding his motion was not timely; and that his guilty plea was not voluntary because it was made under extreme emotional distress.

¶14    Section 46-12-212(1), MCA, provides that a court "may not accept a guilty plea without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration." Robinson asserts the District Court did not conduct an adequate plea colloquy because it did not inquire into the specifics of all four DUI's leading to the felony DUI charge in this case.

¶15    The record clearly shows that at the time Robinson pled guilty to the DUI charge in this case, he admitted to the District Court that he had previously been convicted of DUI three times and that he was pleading guilty to a felony. Section 46-12-212(1), MCA, does not require the district court to extract an admission from the defendant of every element of the crime. *State v. Frazier*, 2007 MT 40, ¶ 20, 336 Mont. 81, 153 P.2d 18 (citing *State v. Muhammad*, 2005 MT 234, ¶ 22, 328 Mont. 397, 121 P.3d 521). It is sufficient that the District Court assure that the defendant admits the acts committed that constitute the offense charged. *Frazier*, ¶ 21. The plea colloquy was sufficient.

5

¶16 Robinson also asserts the District Court erred when it agreed with the State's argument that the motion to withdraw was untimely because it was filed after he had already reaped a major benefit of the plea bargain. Setting aside the questionable nature of the plea bargain provision which delayed imposition of sentence for a full year, it cannot be gainsaid that Robinson waited until it was time to impose sentence before filing a motion to withdraw his guilty plea. This fact constitutes circumstantial evidence relevant to whether Robinson's guilty plea was voluntary. Section 26-1-102(1), MCA. This is the kind of case specific fact that may be considered under the voluntariness standard adopted in *Lone Elk*. *See Swensen*, ¶ 12 (citing *McFarlane*, ¶ 17; *Lone Elk*, ¶ 23); M. R. Evid. 401.

¶17 Robinson also argues that his guilty plea was not voluntary because it was made under extreme emotional duress and pressure. However, Robinson did not present the District Court with a description of what caused such duress and pressure or why it rendered his plea involuntary. On appeal, Robinson does not cite to anything in the record which indicates why his mental state at the time he pled guilty rendered it involuntary. Also, Robinson cites no authority for this proposition.

¶18 We do not consider unsupported arguments and are under no obligation to do legal research for a party. *Tyler*, ¶ 13; *State v. Humphrey*, 2008 MT 328, ¶ 12, 346 Mont. 150, 194 P.3d 643.

¶19    *Issue 2: Did the District Court err in denying Robinson's motion to withdraw his guilty plea because one of the three necessary prior DUI convictions was constitutionally infirm?*

¶20    Robinson claims the first of his four DUI convictions, which occurred in 1993, was constitutionally infirm.  Thus, he claims his conviction of DUI, fourth offense, a felony, must be reversed.

¶21    A presumption of regularity attaches to a prior criminal conviction that is used to enhance punishment.  A prior conviction is presumed to be valid absent evidence to the contrary.  To overcome the presumption, the defendant must present direct evidence of irregularity.  *State v. Mann*, 2006 MT 33, ¶ 15, 331 Mont. 137, 130 P.3d 164.

¶22    There is nothing in the affidavit Robinson filed in support of his motion to withdraw his guilty plea indicating he claimed his 1993 DUI conviction was infirm.  The first mention of this claim appears in his reply brief filed in the District Court in support of the motion to withdraw his guilty plea.  In this brief, after stating that the conviction should not be "counted," Robinson stated he would submit the "necessary verifications either under seal or in camera for review of the Court."  No "verifications" were ever submitted.  The District Court did not mention this claim in its order denying the motion.

¶23    Robinson asserts the District Court erred in failing to address this alleged constitutional infirmity.  In his initial brief on appeal, Robinson for the first time alleges that the 1993 DUI conviction cannot stand because the presiding judge had a conflict of interest.  After the State pointed out in its answer brief that there was nothing in the

7

record supporting this assertion, Robinson claimed in his reply brief he was precluded from presenting the facts to the District Court because proceedings before the Montana Judicial Standards Commission are confidential. *See* § 3-1-1105, MCA.

¶24 It was Robinson's obligation to present to the District Court any evidence he may have concerning the claimed irregularity in his 1993 DUI conviction. *Mann*, ¶ 15. The Judicial Standards Commission only considers complaints that judicial officers have breached ethical standards. Section 3-1-1106, MCA. Robinson cites no authority for the proposition that a decision of the Judicial Standards commission may constitute a basis to collaterally attack a criminal conviction.[1] This Court is under no obligation to conduct legal research that may lend support to a party's position. *Ray v. Montana Tech. of Univer. of Montana*, 2007 MT 21, ¶ 59, 335 Mont. 367, 152 P.3d 122; *Tyler*, ¶ 13; *Humphrey*, ¶ 12.

¶25 The fact that proceedings before the Judicial Standards Commission are confidential did not preclude Robinson from presenting the District Court with direct evidence of any irregularity in the proceedings which led to his 1993 conviction. As he did not do so, there is nothing in the record which supports his argument. We do not to consider matters outside of the record. M. R. App. P. 8(2).

---

[1] The new Montana Code of Judicial Conduct, effective January 1, 2009, specifically states that the Code is not intended to be the basis for litigants to seek to change a judge's decision, to seek collateral remedies against each other, or to obtain tactical advantages in proceedings before a court. Montana Code of Judicial Conduct, Scope, p.2.

¶26 *Issue 3: Did the District Court err in denying Robinson's motion to withdraw his guilty plea because his trial counsel was ineffective?*

¶27 Robinson further contends his guilty plea was not voluntary due to ineffective assistance of counsel. Robinson claims his trial counsel was ineffective because counsel conducted no investigation into the facts underlying the DUI charge and failed to conduct discovery. Robinson thus claims his guilty plea was involuntary because he was woefully unaware and ignorant of the strength or weakness of his case.

¶28 To determine whether there was constitutionally ineffective assistance of counsel, we apply the two-prong test adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The test requires the defendant to prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. To determine whether counsel's performance was deficient, we must determine "whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow*, ¶ 20. Ineffective assistance of counsel can constitute good cause warranting reversal of a denial of a motion to withdraw a guilty plea. *McFarlane*, ¶ 11.

¶29 Before applying the *Strickland* test, however, we must determine whether the claim for ineffective assistance of counsel is record-based. Claims involving omissions of trial counsel are often ill-suited for direct appeal. *State v. Russell*, 2008 MT 417, ¶ 33,

9

347 Mont. 301, 198 P.2d 271 (citing *State v. Meyers*, 2007 MT 230, ¶ 10, 339 Mont. 160, 168 P.3d 645). If the record on appeal explains "why" counsel did not do something, we will then address the issue on appeal. If the claim is based on matters outside the record on appeal, we will not address the claim and allow the defendant to file a postconviction proceeding where a record can be developed as to "why" counsel omitted some action, thus allowing the court to determine whether counsel's performance was ineffective or merely a tactical decision. *State v. St. Germain*, 2007 MT 28, ¶ 34, 336 Mont. 17, 153 P.3d 591 (citing *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340).

¶30 The record does not tell us if trial counsel investigated the alleged facts of this DUI charge against Robinson, nor does it give any indication why trial counsel acted as he did regarding discovery. We do not have a sufficient record to review Robinson's ineffective assistance of counsel claim on direct appeal. Thus, we leave Taylor's claim of ineffective assistance of counsel to a postconviction proceeding, should he choose to commence such under Title 46, Chapter 21, MCA.

¶31 Affirmed, without prejudice to assertion of a claim of ineffective assistance of counsel in a postconviction proceeding.


/S/ JOHN WARNER


10

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

Justice James C. Nelson concurs.

¶32    I concur in the result of the Court's Opinion as to Issue 1.  I concur in Issues 2 and 3.

¶33    As to Issue 1, my agreement with the result is based on § 46-16-105(2), MCA, which "allows a court to withdraw a guilty plea and substitute a not guilty plea where good cause is shown." *State v. McFarlane*, 2008 MT 18, ¶ 11, 341 Mont. 166, 176 P.3d 1057.  If the defendant's plea is involuntary, that will constitute good cause for the withdrawal of a plea under § 46-16-105(2), MCA. *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, 114 P.3d 254; *State v. Lone Elk*, 2005 MT 56, ¶ 19, 326 Mont. 214, 108 P.3d 500.  Aside from involuntariness, other reasons may also constitute good cause for the withdrawal of the plea under the statute. *McFarlane*, ¶ 11; *Warclub*, ¶ 16; *Lone Elk*, ¶ 19.

¶34    In my view, Robinson wholly failed to demonstrate either that his plea was involuntary or that other good cause existed for withdrawal of his plea.  His affidavit failed to explain the cause or nature of the extreme emotional duress and pressure he

11

claims he was under when he entered his plea. At the change of plea hearing there was nothing to indicate he was under extreme emotional distress and pressure—indeed he represented to the contrary in his Acknowledgement of Rights. He stated that he entered into the plea agreement "freely and voluntarily and with full knowledge of its terms and conditions" and that he was not under the influence of any mental disease, defect or chemical that would have affected his ability to make a knowing, intelligent and voluntary plea. At the change of plea hearing, Robinson stated that he was satisfied with his attorney and was not suffering from any emotional, physical or mental disability. He stated that he was not forced or coerced into entering into his plea, or that promises were made to him.

¶35 In short, Robinson failed to demonstrate any good cause under § 46-16-105(2), MCA. We need go no further than that. That Robinson suffered buyer's remorse a year after entering his plea is not good cause to allow him to withdraw it.

¶36 For the foregoing reasons I concur in the result of Issue 1.


/S/ JAMES C. NELSON

12