DA 08-0554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 315N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

PAMELA JO POLEJEWSKI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 08-209
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Pamela Jo Polejewski (self-represented litigant), Libby, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Jonathan M.
Krauss, Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Joshua Racki, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  June 9, 2009

Decided:  September 22, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Pamela Jo Polejewski (Polejewski) appeals from an Eighth Judicial District Court order affirming the justice court's order denying her motion to withdraw a guilty plea.

¶3     During the fall of 2005, Polejewski operated a private animal rescue shelter in Cascade County when she was charged in Cascade County Justice Court with numerous counts of failure to vaccinate animals and failure to tag animals (both violations of a county ordinance), and six counts of cruelty to animals in violation of § 45-8-211, MCA. Polejewski confronted officers who were removing animals from her premises, and accumulated additional charges of felony assault on a peace officer, misdemeanor resisting arrest, and misdemeanor obstruction of justice.

¶4     In January of 2006, with the assistance of counsel, Polejewski signed a global plea agreement.  She entered guilty pleas in Justice Court to nine counts of failure to vaccinate, nine counts of failure to tag, and one count of cruelty to animals.  In exchange, the State agreed to dismiss the remaining Justice Court charges as well as the charge of felony assault on a peace officer then pending in District Court.  The plea agreement

2

provided:

> I, PAMELA JO POLEJEWSKI, accept the above plea offer after reviewing the charges and proposed sentence recommendation with my attorneys. I agree to waive trial and rights that go along with trial. I knowingly and voluntarily enter a guilty plea to the charge. I understand that this is a recommendation the state will make to the judge and the judge is not bound by this agreement. I understand I may not withdraw my plea of guilty after the court accepts it.

¶5 Polejewski was sentenced to five years—all suspended, with financial conditions. She was prohibited from the care and ownership of cats and dogs. There is no copy of the Justice Court sentence in the record, and no transcript of the plea colloquy.

¶6 When Polejewski attempted to plead guilty to the remaining misdemeanor charges in District Court, the court refused to accept her plea, finding that the factual basis she offered was deficient. Polejewski's attorneys then withdrew from representing her. She retained new counsel who filed a motion in District Court seeking specific performance of the plea agreement. The District Court denied that motion.

¶7 Polejewski filed a self-represented petition for supervisory control with this Court, seeking an order directing the District Court to enforce the plea agreement and dismiss the felony charge against her. The State responded that Polejewski was required only to enter an effective guilty plea or *Alford* plea to the misdemeanor charges and, upon doing so, that the felony charge would be dismissed as provided in the plea agreement. This Court denied the petition.

¶8 On March 26, 2007, Polejewski filed a motion to withdraw her guilty plea in Justice Court, alleging that she pled nolo contendere only to having "moldy hay." The basis of the motion was an allegation that Polejewski's former counsel lied to her that a

3

plea of nolo contendere did not constitute a guilty plea and, as a part of the plea agreement, she was promised the return of the small animals that had been removed from her residence. She states that she was not guilty of cruelty to any animals, and that she later learned the small animals for which she had bargained were dead at the time of the negotiations. Polejeweski contended that a miscarriage of justice would occur unless the Justice Court allowed her to withdraw her plea, which was involuntary and subject to being vacated.

¶9 Following a hearing, the Justice Court concluded Polejewski entered her plea more than one year prior to filing the motion to withdraw the guilty plea. Further, she failed to present any new evidence, exhibits or testimony establishing that she was actually innocent of the crimes to which she pled guilty. Section 46-16-105(2), MCA. Therefore, there was no fundamental miscarriage of justice under § 46-16-105(2), MCA.

¶10 Polejewski appealed to District Court, which made the same conclusions. The District Court issued an order affirming the Justice Court. Polejewski appeals.

¶11 We review a district court's denial of a motion to withdraw a guilty plea de novo. The issue constitutes a mixed question of law and fact. *State v. Robinson,* 2009 MT 170, ¶ 10, 350 Mont. 493, 208 P.3d 851.

¶12 Section 46-16-105(2), MCA, allows a guilty plea or plea of nolo contendere to be withdrawn within one year of when a judgment became final. *State v. Morgan,* 2003 MT 193, ¶ 17, 316 Mont. 509, 74 P.3d 1047. The record reflects that Polejewski's judgment became final on February 7, 2006, and that she moved to withdraw the plea on March 26, 2007. The Court generally considers a motion to withdraw a plea as untimely if it was

4

filed more than one year following entry of the plea. We make exceptions to the statutory time bar only in exceptional circumstances. Polejewski must establish that in light of newly discovered evidence, she is actually innocent of the crimes. *State v. Graham,* 2002 MT 237, ¶ 14, 311 Mont. 500, 57 P.3d 54. While Polejewski makes the unsupported assertion that she is actually innocent, she has presented no new evidence.

¶13 We have determined to decide this case pursuant to Section I, Paragraphs 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record this appeal is without merit. These issues are controlled by settled Montana law that the District Court correctly interpreted.

¶14 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS