

DA 11-0682

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 94N

STATE OF MONTANA,

      Plaintiff and Appellee,

      v.

ROY LEE SMITH,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. CDC 03-141 Honorable Kathy Seeley, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Roy Lee Smith, self-represented, Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney; Lisa Leckie, Deputy County Attorney, Helena, Montana

| | |
|---|---|
| Submitted on Briefs: | March 28, 2012 |
| Decided: | April 24, 2012 |

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Roy Lee Smith (Smith) appeals from an order of the First Judicial District Court, Lewis and Clark County, denying his motion to withdraw his guilty plea. We affirm.

¶3 On May 19, 2003, Smith was charged with operating an unlawful clandestine laboratory (a methamphetamine lab), a felony. The charge stemmed from the events of January 22 and 23, 2003. Smith was at his grandmother's home when there was an explosion in the basement. Smith and his uncle, Tom, took several items from the basement, including a blue cooler and a black duffel bag, placed them in Tom's truck, and left in the truck. Smith was located by police in Bend, Oregon, on February 2, 2003, in Tom's truck. In the truck, law enforcement found a fire extinguisher containing anhydrous ammonia and a black duffel bag containing coffee filters, rock salt, and suspected methamphetamine. Smith was returned to Montana and charged.

¶4 On June 12, 2003, pursuant to a plea agreement, Smith pled guilty to the reduced charge of criminal endangerment, a felony. Smith signed a plea agreement and waiver of rights, indicating the "plea is being made voluntarily and is not the result of force or threats or of promises made." Smith also acknowledged that "I am satisfied with the services of my attorney and that there has been ample time to prepare a defense[,]" and "I am satisfied that

2

my lawyer has been fair to me, has advised me fully of my rights, and has represented me properly." Finally, Smith acknowledged no lesser included offense applied to his case.

¶5 At Smith's change of plea hearing, the District Court advised Smith of his rights and asked "You're doing this voluntarily after having discussed it with your attorney, is that correct?" Smith replied "That's correct, Your Honor." Smith also indicated he had ample time to discuss his case with his attorney and was satisfied with his attorney's advice.

¶6 After pleading guilty, the District Court sentenced Smith, in accordance with the terms of the plea agreement, to 8 years with the Department of Corrections ("DOC"), all suspended but time served. Smith's suspended sentence was subject to certain conditions, and Smith was informed that if he violated any of the conditions his suspended sentence could be revoked and he could be sent to prison. Smith did not appeal his sentence or file a petition for postconviction relief.

¶7 In 2006, the State filed a petition to revoke Smith's suspended sentence. That petition was withdrawn. In 2007, the State again filed a petition to revoke Smith's suspended sentence. Smith admitted to the violations and was sentenced to 8 years with the DOC, with three years suspended.

¶8 On August 26, 2010, Smith filed his motion to withdraw his guilty plea, asserting his plea was not voluntary because of an inadequate plea colloquy and ineffective assistance of counsel. The District Court denied his motion, finding Smith did not establish good cause to withdraw his guilty plea. Smith timely appealed.

¶9     We review the denial of a motion to withdraw a guilty plea de novo. *State v. Brinson*, 2009 MT 200, ¶ 3, 351 Mont. 136, 210 P.3d 164; *State v. Robinson*, 2009 MT 170, ¶ 10, 350 Mont. 493, 208 P.3d 851; *State v. Lone Elk*, 2005 MT 56, ¶ 10, 326 Mont. 214, 108 P.3d 500 (overruled on other grounds).  We determine whether a district court's underlying findings of fact are clearly erroneous, and we review conclusions of law for correctness. *Robinson*, ¶ 10; *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254.

¶10     Section 46-16-105(2), MCA (2001),[1] allows for withdrawal of a guilty plea for good cause.  The ultimate test of whether good cause is shown is whether the plea was voluntary. *Robinson*, ¶ 11.  A plea is voluntary "only when the defendant is 'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . .' " *Lone Elk*, ¶ 21 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

¶11     However, other case specific considerations may bear on the voluntariness of the plea. *Robinson*, ¶ 11.  Other considerations include: the adequacy of the plea colloquy, which tends to show the defendant made an informed decision, *Lone Elk*, ¶ 14; whether the plea was the result of a plea bargain in exchange for dismissal of other charges, which tends to show the defendant made an intelligent and calculated decision, *Lone Elk*, ¶ 16; whether the defendant reaped the benefits of the plea bargain, *State v. Muhammad*, 2005 MT 234, ¶ 24, 328 Mont. 397, 121 P.3d 521; and whether the plea was induced by threats, improper

[1] The 2001 MCA applies in Smith's case. The statute was amended, effective July 1, 2003, to limit the time in which a motion to withdraw a guilty plea could be filed. The amendment does not apply to Smith's case because his plea was entered in June of 2003. *See* Compiler's Comments, § 46-16-105, MCA (2003); 2003 Mont. Laws 1157-58.

promises, or misrepresentations, *Brinson*, ¶ 8. Also relevant, although not dispositive, is the timeliness of the motion to withdraw the plea. *State v. McFarlane*, 2008 MT 18, ¶ 27, 341 Mont. 166, 176 P.3d 1057; *Muhammad*, ¶ 24.

¶12 When represented by counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *McFarlane*, ¶ 11. To withdraw a plea of guilty based upon ineffective assistance of counsel, the defendant must show: (1) counsel's advice fell outside the range of competence demanded of a criminal attorney, and (2) that but for counsel's deficient advice, the defendant would not have pled guilty. *McFarlane*, ¶ 11. A claim of ineffective assistance of counsel "will not succeed when predicated upon counsel's failure to make motions or objections which, under the circumstances, would have been frivolous, or would have, arguably, lacked procedural or substantive merit, or would likely not have changed the outcome of the proceeding." *Riggs v. State*, 2011 MT 239, ¶ 11, 362 Mont. 140, 264 P.3d 693.

¶13 The District Court need not extract an admission from the defendant of every element of the crime. *Robinson*, ¶ 15. A defendant need not be informed about the possibility of lesser included offenses if that possibility does not exist. *McFarlane*, ¶ 30.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶15    Smith's signed plea agreement and plea colloquy establish he was voluntarily pleading guilty. *Muhammad*, ¶ 25. Smith also reaped the benefit of the plea bargain for years – he pled guilty to a reduced charge; was released immediately after the plea on a suspended sentence, thereby avoiding a felony charge that could have sent him to prison from the outset; and avoided a potential persistent felony offender designation. There is no evidence of any threats or coercion by counsel, the prosecutor, or the District Court. Significantly, Smith waited over seven years to file his motion to withdraw his guilty plea, once his freedom was taken. *Muhammad*, ¶ 24. Finally, Smith has not shown his counsel's advice fell outside the range of competence demanded of a criminal attorney. Smith's counsel negotiated a highly favorable plea agreement, which Smith voluntarily entered into with the State. Smith indicated, both in writing and in open court, he was satisfied with his attorney's services.

¶16    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON

6