DA 12-0319

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 184N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ALBERTO GUILLEN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-343
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wade Zolynski, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender; Helena, Montana

       For Appellee:

              Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General; Helena, Montana

              Fred R. Van Valkenburg, Missoula County Attorney, Jason Marks, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs:  June 12, 2013
Decided:  July 9, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Alberto Guillen (Guillen) appeals the order of the Fourth Judicial District Court, Missoula County, that denied his motion to withdraw his guilty plea. We affirm.

¶3     The State of Montana (State) charged Guillen with attempted deliberate homicide and failure to stop immediately at the scene of the accident. Guillen intentionally drove his van into his brother, who was riding a bike. Guillen's brother sustained life threatening injuries and now suffers from partial paralysis.

¶4     The State and Guillen reached an agreement to resolve the case. The State agreed to amend the charge of attempted deliberate homicide to attempted mitigated deliberate homicide. In return, Guillen agreed to enter guilty pleas to both charges. Guillen filed a waiver of rights and entered a guilty plea to both charges. The parties reached no agreement for an appropriate sentence.

¶5     The District Court sentenced Guillen on December 29, 2011. The court imposed the maximum term of 40 years at Montana State Prison for attempted mitigated homicide, and a concurrent sentence of 10 years for leaving the scene of the accident. Guillen filed a motion to withdraw his guilty plea on April 12, 2012.

¶6 Guillen argued that his guilty plea had been involuntary and that the court's sentence had breached a plea agreement. Guillen argued that his counsel had coerced him to enter a guilty plea. Guillen claims that his counsel had assured him that the agreement called for a sentence of 15 years in the Montana State Prison.

¶7 The District Court determined that Guillen's signature on the waiver of rights and his plea of guilty established that he understood that no plea agreement existed and that he could receive the maximum sentence. The court further determined that Guillen had failed to present any evidence to indicate that his plea had been involuntary. Guillen appeals.

¶8 Guillen raises the same arguments on appeal that he submitted to the District Court. We review a denial of a motion to withdraw a guilty plea de novo because whether a plea was entered voluntarily is a mixed question of law and fact. *State v. Valdez-Mendoza*, 2011 MT 214, ¶ 12, 361 Mont. 503, 260 P.3d 151. A court may permit a defendant to withdraw a guilty plea if good cause exists. Section 46-16-105(2), MCA. The ultimate test of whether good cause is shown to withdraw a guilty plea is whether it was voluntary. *State v. Robinson,* 2009 MT 170, ¶ 11, 350 Mont. 493, 208 P.3d 851.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the substantial evidence supports the district court's findings regarding Guillen's waiver of his rights and the lack of any plea agreement and that the court correctly applied well settled law.

¶10 Affirmed.

/S/ BRIAN MORRIS

We concur:


/S/ BETH BAKER
/S/ JIM RICE
/S/ LAURIE McKINNON