FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0123

DA 20-0123

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 18N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JASON HARRISON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC-2018-03
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brent Flowers, Beebe & Flowers, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

Steven C. Haddon, Jefferson County Attorney, Andrew Paul, Deputy
County Attorney, Boulder, Montana

Submitted on Briefs: November 18, 2020

Decided: January 26, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jason Harrison argues the District Court erred by denying his motion to withdraw his guilty plea. Harrison argues his plea was not voluntary because (1) he did not understand the direct consequences of the plea agreement; and (2) his counsel's performance was ineffective. Therefore, Harrison contends, good cause exists to allow him to withdraw his plea. We affirm.

¶3 Harrison was charged with one count of felony Deviate Sexual Conduct, two counts of misdemeanor Violation of an Order of Protection, six counts of felony Violation of an Order of Protection, two counts of felony Attempt/Violation of an Order of Protection, and one count of Attempt/Tampering with a Witness. Pursuant to a plea agreement, Harrison pled guilty to two counts of misdemeanor Violation of an Order of Protection, three counts of felony Violation of an Order of Protection, and one count of felony Attempt/Tampering with a Witness. The State agreed to dismiss the remaining charges and to recommend six months in jail with all but time served suspended on the misdemeanor offenses, two years to the Department of Corrections (DOC) on the first count of felony Violation of an Order of Protection to run concurrent to the misdemeanor sentences; two years to the DOC on the second count of felony Violation of Order of Protection to run consecutive to

2

the misdemeanor sentences; one year to the DOC on the third count of felony Violation of an Order of Protection, consecutive, and ten years to the DOC suspended, consecutive.

¶4 Harrison signed the plea agreement and acknowledged the following:

> I the undersigned Defendant, after full discussion of the charge(s) and penalties with my defense counsel, and after being fully advised of my rights to a jury trial, my understanding of my right to persist in my plea of not guilty and to demand a jury trial, do hereby accept the above offer and agree to enter plea(s) of guilty to the charge(s) specified. I hereby knowingly waive all objections to any substantive defect in said charge(s) and my right to a jury trial on the charge(s). I further understand that the offer made by the State is dependent upon the accuracy of my criminal history as I have represented it. My criminal history is as set out in the State's file. I understand that the Court is not bound by this Agreement and may impose the maximum penalty for the offense(s) charged.

¶5 On July 18, 2018, the District Court held a change of plea hearing and accepted Harrison's guilty pleas entered pursuant to the plea agreement. On September 26, 2018, the District Court held a sentencing hearing, at which Harrison acknowledged he had the opportunity to ask his attorney questions regarding the plea agreement and that he understood the agreement. The District Court explicitly informed Harrison of his rights and Harrison acknowledged that his attorney had fully advised him of his rights. Harrison informed the District Court he was satisfied with his representation and that he understood his rights. When the District Court asked if anyone was forcing him to plead guilty Harrison responded "no."

¶6 The District Court sentenced Harrison to six months in jail, suspended, for the two misdemeanor offenses violating the order of protection. The District Court also sentenced Harrison to four years in prison for the three felony offenses violating the order

of protection, running concurrently with the other sentence. On November 5, 2018, Harrison applied to the Sentence Review Division for a reduction of his sentence. The Sentence Review Division affirmed Harrison's sentence.

¶7 On May 31, 2019, Harrison moved to withdraw his guilty pleas. In supporting affidavits, Harrison alleged his attorney pressured him into accepting a plea agreement rather than proceeding to trial. Harrison alleged his attorney assured him there was no chance he would receive a prison sentence or otherwise further incarceration if he pled guilty. Harrison's mother alleged in her affidavit that Harrison's attorney assured her and Harrison that he would receive a probationary sentence if he pled guilty. Harrison claimed at the hearing, "he had always wanted to go to trial."

¶8 Harrison's attorney filed an affidavit denying Harrison's assertions. Harrison's attorney provided a detailed list of meetings with Harrison. On one occasion Harrison expressed a desire to proceed to trial but Harrison frequently vacillated between accepting the plea agreement or proceeding to trial. Harrison often told his attorney "tell me what to do." Harrison's attorney alleged that he discussed the strengths and weaknesses of the case while explaining defenses and the lack of defense to the specific charges. Until the parties reached a plea agreement, Harrison's attorney urged that he prepared Harrison's case as if it would proceed to trial. Harrison's attorney reviewed the proposed plea agreement with Harrison line by line in person and made clear to Harrison he could not give him any assurances about the sentence the court would ultimately impose.

4

¶9 On September 18, 2019 the District Court held a hearing on Harrison's request to withdraw his guilty pleas. At the hearing, Harrison acknowledged the plea agreement dismissed six of the twelve charges against him, which reduced his criminal liability.

¶10 The District Court denied Harrison's motion to withdraw his guilty pleas. The District Court concluded Harrison had entered his guilty pleas voluntarily pursuant to a plea agreement that was beneficial to him. The District Court concluded that Harrison had effective representation regarding the entry of his guilty pleas.

¶11 The question of whether a plea is voluntarily made is a mixed question of law and fact. *State v. Prindle*, 2013 MT 173, 370 Mont. 478, 304 P.3d 712. This Court reviews a district court's denial of a motion to withdraw a guilty plea de novo. *State v. Shepard*, 2010 MT 20, ¶ 7, 355 Mont. 114, 225 P.3d 1217. This Court reviews the district court's underlying factual findings regarding the voluntariness of the plea to determine if those findings are clearly erroneous. *Prindle*, ¶ 16.

¶12 Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955.

¶13 Harrison argues on appeal that good cause to withdraw his guilty plea exists because he did not understand the direct consequences of his guilty pleas. Harrison alleges he reasonably believed the District Court would not impose a prison sentence because of his attorney's comments. We disagree.

¶14 Montana law permits a district court to allow a defendant to withdraw his guilty plea within one year of final judgment for "good cause." Section 46-16-105(2), MCA. Good

cause exists when a defendant's guilty plea was involuntarily entered. *Prindle*, ¶ 17. A plea must be voluntary because the defendant is waiving his constitutional rights to not incriminate himself and to a trial by jury. *Prindle*, ¶ 17. A guilty plea is valid if made knowingly, voluntarily, and intelligently. *State v. Keys*, 1999 MT 10, ¶ 12, 293 Mont. 81, 973 P.2d 812. The burden is on the defendant to show that the plea was involuntarily entered. *State v. Robinson*, 2009 MT 170, ¶¶ 17-18, 350 Mont. 493, 208 P.2d 851.

¶15 We will not overturn a district court's denial of a motion to withdraw a guilty plea "if the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *State v. Warclub*, 2005 MT 149, ¶ 18, 327 Mont. 352, 114 P.3d 254 (quoting *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970)). Determining whether a defendant entered a plea voluntarily and whether a district court erred in denying a motion to withdraw a plea requires case-specific considerations, including "the adequacy of the district court's interrogation, the benefits obtained from a plea bargain, the withdrawal's timeliness, and other considerations that may affect the credibility of the claims presented." *State v. Hendrickson*, 2014 MT 132, ¶ 17, 375 Mont. 136, 325 P.3d 694.

¶16 Harrison has failed to meet his burden to prove his guilty pleas were not voluntarily entered. The record is clear that Harrison understood the consequences of entering guilty pleas. Harrison signed the plea agreement, in which he acknowledged that he understood that the Court was not bound by the agreement and may impose the maximum penalty for the offenses charged. Harrison acknowledged in open court that he had the opportunity to

look over the plea agreement line by line with his attorney, that his attorney had fully advised him of his rights, that he understood his rights, that he had the opportunity to ask his attorney any questions he had regarding the plea agreement, and that he was satisfied with his representation.

¶17 Harrison likewise has failed to establish his counsel was ineffective. The District Court properly denied Harrison's argument that his plea was not entered into voluntarily due to counsel's performance.

¶18 Ineffective assistance of counsel can constitute good cause to withdraw a guilty plea. *State v. Valdez-Mendoza*, 2011 MT 214, ¶ 14, 361 Mont. 503, 260 P.3d 151. This Court applies the two-prong *Strickland* test to determine whether counsel's ineffectiveness impacted a defendant's voluntariness to enter into a plea agreement. *State v. Hendrickson*, 2014 MT 132, ¶ 16, 375 Mont. 136, 325 P.3d 694. To succeed on an ineffective assistance of counsel claim, a defendant must establish both elements of a two-part test. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The Defendant must show: (1) that his counsel's advice fell outside the range of competence demanded of a criminal attorney; and (2) but for his counsel's deficient performance, he would not have entered a guilty plea. *State v. McFarlane*, 2008 MT 18, ¶ 11, 341 Mont. 166, 176 P.3d 1057.

¶19 Having reviewed the record in its entirety, we find no merit to Harrison's claims of ineffective assistance of counsel. The District Court determined Harrison's attorney's

testimony was more credible than Harrison's. Weight and credibility determinations rest with the trier of fact. *State v. Faber*, 2008 MT 368, ¶ 28, 346 Mont. 449, 197 P.3d 941. This Court will not disturb those determinations on appeal. *Faber*, ¶ 28. Harrison's attorney took steps to adequately prepare for trial and allowed the decision to proceed to trial or accept the plea agreement to rest within Harrison's discretion. Harrison's attorney was able to significantly reduce Harrison's criminal liability by way of the plea agreement. Harrison's attorney ensured Harrison clearly understood the plea agreement and the strengths and weaknesses of the case. Harrison cannot meet his burden to show involuntariness under the *Strickland* standard since he fails to meet the first prong. We affirm the District Court's holding that good cause did not exist to withdraw Harrison's plea agreement because Harrison cannot show he entered into the plea agreement involuntarily.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE